### YATES *et al.* *v.* BANK OF RINGGOLD *et al.*

1. Where a son bona fide gives to his mother an account due him by his father, and with knowledge of the gift and in pursuance thereof the father in good faith executes to the donee a deed to real and personal property on the consideration of the payment of the debt, such executed transaction will constitute a valid transfer of the account and furnish a valuable consideration in support of the deed. Consequently, in a case involving the transactions just indicated, it was error to charge the jury: "You will consider alone that evidence in this case which has reference to the alleged loan of the sum of three hundred and ten dollars by Mrs. Fannie J. Yates to A. P. Yates, the amount she claims to have received from her father's estate. As I have stated, you will

not consider the evidence with regard to the other transaction for the purpose of showing any consideration for the execution of the deed, there not being, as the court holds, sufficient evidence of the transfer of the account claimed to be held by Pressley Yates against the father to the mother, Mrs. Fannie Yates."

No. 652.　JULY 10, 1918.

Equitable petition.　Before Judge Tarver.　Catoosa superior court.　September 8, 1917.

*W. E. Mann,* for plaintiffs in error.

*M. L. Harris* and *J. R. Johnston,* contra.

HILL, J.　The Bank of Ringgold and others brought an equitable petition against Fannie J. Yates and others, to cancel a certain deed on the ground of fraud, and to recover an amount alleged to be due the plaintiff.　Under the charge of the court the jury returned a verdict for the plaintiffs.　A motion for a new trial was made, which was overruled by the court.　A. P. Yates and Fannie J. Yates excepted.　It was alleged in the petition, that A. P. Yates was indebted to the Bank of Ringgold in certain amounts as principal, besides interest and attorney's fees; that judgment had been rendered and execution issued against A. P. Yates for the amounts due, and a return of nulla bona had been made on the execution; that A. P. Yates, "contriving not to pay said debts," conveyed to his wife and codefendant, Fannie J. Yates, the land in controversy and certain described personal property; that this conveyance was made for the purpose of delaying, hindering, and defrauding the creditors of A. P. Yates of their just and lawful debts, and especially the plaintiffs; and that after making the conveyance A. P. Yates was and is now insolvent.　It was further charged that Fannie J. Yates took the property conveyed, knowing of the fraudulent purpose of A. P. Yates to hinder, delay, and defraud his creditors, especially the plaintiffs.　A. P. Yates answered that whatever amounts are referred to in the petition as shown by any judgments referred to may be correct.　As to this Fannie J. Yates answered that she could neither admit nor deny, as she had no information as to the alleged debts prior to the filing and service of the petition upon her, and that she had no knowledge directly or indirectly of the same.　The other allegations of the petition were denied.

On the trial Fannie J. Yates testified: "My son, Presley, gave me a thousand dollars in the latter part of 1911.　Well, my husband owed that amount to Presley, and he told my husband when

he went to pay it to pay it over to me. . . I got three hundred dollars from my father's estate after he died, and he [the husband of the witness] got that at different times. . . It was 19 or 20 years since I let my husband have the $310 I received from my father's estate. There was no other consideration for the deed except those mentioned." The judge charged the jury: "There being no sufficient evidence in this case to show a transfer of the account which the witness Presley Yates claims to have held against his father, A. P. Yates, I charge you that that account would constitute no consideration." And further charged them: "You will consider alone that evidence in this case which has reference to the alleged loan of the sum of three hundred and ten dollars by Mrs. Fannie J. Yates to A. P. Yates, the amount she claims to have received from her father's estate. As I have stated, you will not consider the evidence with regard to the other transaction for the purpose of showing any consideration for the execution of the deed, there not being, as the court holds, sufficient evidence of the transfer of the account claimed to be held by Presley Yates against the father to the mother, Mrs. Fannie Yates." We think this charge was erroneous under the facts of this case. If the transactions between the son and mother, and the husband and wife, were bona fide, we think the gift to the mother, by the son, of the account of one thousand dollars due by the father to the son, although in parol, the father with a knowledge of the gift and in pursuance thereof having executed a deed to the mother to realty and personalty on consideration of the payment of the debt due the son which was given to the mother, if the transaction were a fair one and otherwise free from fraud, would be valid as an executed gift and transfer of the account, and that the extinguishment of the father's obligation to the son would be a valuable consideration to support the deed. The evidence, if true, is sufficient to show the transfer of the account, in the manner above indicated, from the son to the mother; and we think the court erred in so charging the jury as to take from them any consideration of the evidence relating to the gift for the purpose of establishing a consideration for the deed. Under appropriate instructions, the issue involved under the evidence with respect to the alleged gift should have been submitted to the jury. See *Smith* v. *Peacock,* 114 *Ga.* 691 (40 S. E. 757, 88 Am. St. R. 53), which decision, while not directly in point, contains the underlying principle above

laid down. No direct ruling by this or any other court was cited by counsel in this case, and indeed we recall none bearing directly on the question; but we think the above ruling is sound in principle.                    *Judgment reversed. All the Justices concur.*